

E-FILED

FEB - 6 2018

Document #

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GMS LIBERTY LLC, | NO. CV 18-0766-PSG (AGR) |
| Plaintiff, | |
| v. | |
| LINDA M. HIB, et al., | ORDER REMANDING ACTION TO STATE COURT |
| Defendants. | |

The Court *sua sponte* REMANDS this action to the California Superior Court for the County of San Joaquin for lack of subject matter jurisdiction, as set forth below. "The right of removal is entirely a creature of statute and 'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002) (quoting *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 280 (1918)). Generally, where Congress has acted to create a right of removal, those statutes are strictly construed against removal jurisdiction. *Id.*; *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 667 (9th Cir. 2012); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Unless otherwise expressly provided by Congress, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a); *Dennis v. Hart*, 724 F.3d 1249, 1252 (9th Cir. 2013). The removing defendant bears the burden of establishing federal jurisdiction. *Abrego Abrego v.Dow Chem. Co.*, 443 F.3d 676, 682 (9th Cir. 2006); *Gaus*, 980 F.2d at 566-67. "Under the plain terms of § 1441(a), in order properly to remove [an] action pursuant to that provision, [the removing defendant] must demonstrate that original subject-matter jurisdiction lies in the federal courts." *Syngenta Crop Prot.*, 537 U.S. at 33. Failure to do so requires that the case be remanded, as "[s]ubject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." *Kelton Arms Condo. Owners Ass'n v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). It is "elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or sua sponte by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).

From a review of the Notice of Removal and the state court records provided, it is evident that the Court lacks subject matter jurisdiction over the instant case, for the following reasons.

No basis for federal question jurisdiction has been identified. The removing defendant relies principally on diversity jurisdiction, discussed below. Although the removing defendant cites civil-rights removal pursuant to 28 U.S.C. § 1443, defendant has not alleged facts sufficient to show that the statute's requirements are satisfied. Section 1443(1) provides for the removal of a civil action filed "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of

the United States . . . ." Even assuming that the removing defendant has asserted rights provided "by explicit statutory enactment protecting equal racial civil rights," *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006) (citation omitted), defendant(s) has not identified any "state statute or a constitutional provision that purports to command the state courts to ignore the federal rights" or pointed "to anything that suggests that the state court would not enforce [defendant's] civil rights in the state court proceedings." *Id.* (citation omitted); *see also Bogart v. California*, 355 F.2d 377, 381-82 (9th Cir. 1966) (holding that conclusionary statements lacking any factual basis cannot support removal under § 1443(1)). Nor does § 1443(2) provide any basis for removal, as it "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights" and on state officers who refuse to enforce discriminatory state laws. *City of Greenwood v. Peacock*, 384 U.S. 808, 824 & 824 n.22 (1966).

Diversity jurisdiction is lacking as well. Even if the Court assumes that all parties are diverse in citizenship, 28 U.S.C. § 1332(a)(1), the removed unlawful-detainer complaint does not allege damages exceeding $75,000, and the removing defendant has not plausibly alleged that the amount in controversy requirement has been met. 28 U.S.C. 1332(a); *see Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). On the contrary, the plaintiff in the removed action has indicated on the form complaint that the amount at issue does not exceed $10,000.

IT IS THEREFORE ORDERED that this matter be, and hereby is, REMANDED to the Superior Court of California for San Joaquin County for lack of subject matter jurisdiction.

DATED: _____ 2/6/1Y

_____
PHILIP S. GUTIERREZ
United States District Judge

4